UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**FRANCISCO JAVIER FLORES**,

        Plaintiff,

  v.

**FERGISS INC. DBA AZABACHE GRILL**,

        Defendant.

Case No. 3:13-CV-01480-KI

OPINION AND ORDER ON ATTORNEY FEES AND COSTS

    James S. Davis
    P.O. Box 7399
    Salem, OR 97302

        Attorney for Plaintiff

Page 1 - OPINION AND ORDER ON ATTORNEY FEES AND COSTS

        J. Clay McCaslin
        Law Office of J. Clay McCaslin
        510 SW Fifth Ave., Fifth Floor
        Portland, OR 97204

            Attorney for Defendant

KING, Judge:

        Francisco Javier Flores, in 3:13-CV-1480-KI, and Elmer Sanchez, in 3:13-CV-1481-KI, each settled his separate Fair Labor Standards Act ("FLSA") case against defendant Fergiss Inc. dba Azabache Grill. Pending before me is Flores' Petition for Attorney Fees in which he seeks $17,100 in attorney fees and $1,249.95 in costs, and Sanchez's Petition for Attorney Fees in which he seeks $17,675 in attorney fees and $1,430 in costs. Because the cases are nearly identical and involve the same attorneys, I resolve both petitions in the same decision. For the following reasons, I grant the petitions in part and deny them in part.

## BACKGROUND

        Flores filed his five-page Complaint, alleging violations of the FLSA as well as violations of the state minimum wage law, on August 21, 2013. Sanchez filed his five-page Complaint the same day, alleging the same claims and changing only the factual allegations.

        Flores filed an Amended Complaint approximately one month later adding a claim for violating ORS 652.750 and adding one factual allegation to support the claim. Sanchez filed an identical Amended Complaint on the same day.

        Flores then filed a two-page joint status report on October 16, identifying the claims alleged, referencing the agreed upon discovery deadline, and indicating a possible trial date. Sanchez filed an identical joint status report the same day.

Page 2 - OPINION AND ORDER ON ATTORNEY FEES AND COSTS

Plaintiffs' counsel sent a Request for Production of Documents ("RFP") to the defendant on October 30; the seven-page RFP, the same in each case, requested 14 categories of documents. Defendant responded with documents and objections on November 27.

On December 17, plaintiffs' counsel filed in each case identical Motions to Compel Discovery, supported by a two-page memorandum and two exhibits consisting of each plaintiff's RFP and the defendant's response.

Defendant offered Flores and Sanchez the same settlement terms–$2,000, plus "statutory costs (excluding any prevailing party fee) and reasonable attorney fees incurred as of the date of this offer, to be decided by the court if the parties are unable to reach mutual agreement." Offer of J. 1. Both Flores and Sanchez accepted the offers of judgment on January 7, 2014.

## LEGAL STANDARDS

In addressing a petition for attorney fees, the court must first determine the "lodestar" amount by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. Carter v. Caleb Brett LIC, __ F.3d __, 2014 WL 905767, at *1 (9th Cir. Mar. 10, 2014). In determining what constitutes a reasonable fee, the district court should consider the factors specified in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir. 1975). The factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent;[1] (7) time limitations

---

[1] Although "whether the fee is fixed or contingent" is listed as a factor, the Supreme Court subsequently held that enhancing a fee award on account of contingency is improper. See City of Burlington v. Dague, 505 U.S. 557 (1992); Davis v. City and Cnty. of San Fran., 976 F.2d 1536,
(continued...)

Page 3 - OPINION AND ORDER ON ATTORNEY FEES AND COSTS

imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Carter, 2014 WL 905767, at *1.

The court is required to "'explain why'" it believes a reduction in the fee award is appropriate. Id. at *3 (quoting Moreno v. City of Sacramento, 534 F.3d 1106 (9th Cir. 2008)).

## DISCUSSION

I.    Effect of the Rule 68 Offer

A Rule 68 offer allows a defendant to serve upon a plaintiff a "judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). When a plaintiff accepts an offer of judgment, the "usual rules of contract construction" apply when interpreting the terms of an offer. Guerrero v. Cummings, 70 F.3d 1111, 1113 (9th Cir. 1995). A Rule 68 offer may condition settlement on the waiver of fees; accepting such an offer constitutes waiver if the language is "clear and unambiguous." Id. "The terms of the offer–not the terms of Rule 68–control the cut-off of attorney's fees and costs." Id. at 1114.

Here, the Offer of Judgment unambiguously cuts off the costs and attorney fees as of the date of the offer as follows:

> Pursuant to Fed. R. Civ. P. 68, Defendant Fergiss, Inc. d/b/a Azabache Grill hereby offers to allow judgment to be entered against it in the amount of $2,000, plus statutory costs (excluding any prevailing party fee) and reasonable attorney fees *incurred as of the date of this offer*, to be decided by the court if the parties are unable to reach mutual agreement.

---

[1](...continued)
1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).

Offer of J. 1 (dated Dec. 19, 2013, signed and filed Jan. 7, 2014) (emphasis added).  As a result, I subtract $7,025 in attorney fees and $110 in costs from Flores' request, and $6,875 in attorney fees and $77 in costs from Sanchez's request, as plaintiffs' counsel incurred these fees and costs following the date of the offer.

II.     Double Billing

Plaintiffs' counsel does not explain how he accounted for his time on tasks benefitting both cases.  He does not explain, for example, that he divided the time entries and allocated time to each plaintiff.  He also does not respond to defendant's point that the Complaints in the two cases are nearly identical and yet took 8.5 hours to complete in Flores' case and 11.5 hours in Sanchez's case.  With respect to the Complaints, counsel allocated his time in the two cases as follows (as they appear in counsel's accounting):

| Flores | | | Sanchez | | |
|---|---|---|---|---|---|
| 8/20/13 | Complaint | 4.5 | 8/20/13 | complaint research | 2.3 |
| 8/21/13 | Finish complaint | 2.6 | 8/21/13 | start complaint | 6 |
| 8/22/13 | File complaint | 1.4 | 8/22/13 | finsh comp and file | 3.2 |
| Total | | 8.5 | Total | | 11.5 |

Plaintiff's counsel explains that some of the time spent preparing the Complaints was actually time devoted to client counseling, with the assistance of an interpreter.  While counsel should segregate the time he spent counseling a client from the time he spent drafting documents in his accounting, I can see he spent 2.5 of the 4.5 hours speaking with Flores, and 3 of the 6 hours speaking with Sanchez, by looking at the translator time itemized as a cost.  See United Steelworkers of Am. v. Retirement Income Plan for Hourly-Rated, 512 F.3d 555, 565 (9th Cir.

2008) (party seeking attorney fees bears burden of "documenting the appropriate hours expended in the litigation"). Accordingly, I accept counsel's explanation. However, that still leaves 6 hours drafting Flores' Complaint and 8.5 hours drafting a *nearly identical* Complaint for Sanchez. Even accepting that some of this time was spent researching the appropriate law that would apply, and in which court to file–he itemized 2.3 hours for "complaint research" in Sanchez's case–I still find the time excessive. I grant attorney fees for the time counsel spent researching (2 hours) and grant 30 minutes per page for drafting the Complaints (a total of 5 hours). After allocating half of this time to Flores and half to Sanchez, plus the time spent counseling each client, counsel is entitled to 6 hours for Complaint-related tasks in Flores' case and 6.5 hours for Complaint-related tasks in Sanchez's case.

I note, too, the time entries submitted by plaintiffs' counsel show identical or nearly identical time billed as to each plaintiff on the same dates, as I depict in the following chart:

| Flores | | | Sanchez | | |
|---|---|---|---|---|---|
| 9/24/13 | preapre amended complaint | 2.4 | 9/24/13 | prepare amended complaint | 2.3 |
| 10/2/13 | joint status call | .3 | 10/2/13 | joint status call | .3 |
| 10/3/13 | Joint Status report | .8 | 10/3/13 | Joint status rep | .8 |
| 10/7/13 | edit JSR | .4 | 10/7/13 | revise JSR | .4 |
| 10/7/13 | e-mail JSR | .3 | 10/7/13 | e-mail JSR | .3 |
| 10/7/13 | e-mail JSR | .2 | 10/7/13 | e-mail JSR | .1 |
| 10/15/13 | Review edits and changes; m | 1.3 | 10/15/13 | Review e-mail edits and chan.. | 1.3 |
| 10/16/13 | sign/file JSR | .4 | 10/16/13 | sign/file JSR | .4 |
| 10/29/13 | RFP | 2.5 | 10/29/13 | RFP | 2.5 |
| 10/31/13 | Finish RFP | 1.8 | 10/31/13 | finish send RFP | 1.8 |
| 12/2/13 | Review RRFP | 2.8 | 12/2/13 | Review RRFP | 2.8 |

PAGE 6 - OPINION AND ORDER

| 12/16/13 | Motion to compel | 4.2 | 12/16/13 | Motion to compel | 4.2 |
| 12/17/13 | finish motion filing | 1.8 | 12/17/13 | finish filing | 1.8 |

Absent a representation from plaintiffs' counsel that he was aware of the similar nature of the cases and took affirmative steps to divide the time he spent on tasks that benefitted both cases, and given the excessive time he spent on each task, I must reduce the fees allowed. The Amended Complaint filed in each case was identical; 4.7 hours to add one claim as simple as this one is excessive. I generously allocate a total of 2 hours for the Amended Complaint, divided evenly between the cases. Similarly, 7.3 hours to confer and prepare a two-page joint status report, containing little more than a one-sentence statement of the case and case deadlines, is excessive. I grant plaintiff's counsel 3 hours total for joint status report-related tasks, divided evenly between the cases. Again, counsel's request for a total of 8.6 hours to prepare identical RFPs in each case is excessive; I grant a little over 30 minutes per page for a total of 4 hours to be divided equally. Finally, a total of 12 hours to put together identical motions to compel, consisting of a two page motion and two page memoranda, seeking a response to only one request for production, is excessive. I allocate 4 hours, and divide the time evenly between the cases.

After accounting for the deductions above, plaintiff's counsel is entitled to $6,975 for his work on Flores' case and $7,125 for his work on Sanchez's case.[2]

---

[2]The deductions above preclude the need to address defendants' additional argument that the attorneys had previously stipulated to the amount of attorney fees ($7,250 for each case) just not how those amounts would be paid (timing and method of payment). Reading the e-mail correspondence, plaintiffs' attorney's response to defense counsel–"[y]our summary of our agreements are correct"–does not suggest plaintiffs' counsel conditioned his stipulation on a

(continued...)

PAGE 7 - OPINION AND ORDER

III.     Costs

As the prevailing parties, plaintiffs are entitled to costs other than attorney fees as a matter of course, unless a federal statute, the Federal Rules of Civil Procedure, or the Court otherwise directs.  Fed. R. Civ. P. 54(d)(1).  Expenses which may be taxed as costs against a losing party are enumerated in 28 U.S.C. § 1920.  Pursuant to Local Rule 54-1, an attorney requesting costs may file a Bill of Costs itemizing claimed costs, supported by "an affidavit and appropriate documentation."  Additionally, and importantly, "[t]he Bill of Costs must be verified as required by 28 U.S.C. § 1924."  LR 54-1(a)(2).  Contrary to his representation in the memoranda, plaintiffs' counsel neglected to file a Bill of Costs.  The Court would accept his petition if it contained the requisite verification.  As 28 U.S.C. § 1924 directs:

> Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.

Absent any statement in his memoranda suggesting the costs he expended were necessarily incurred, the Court is precluded from granting his request.  Plaintiffs' counsel is given leave to file an affidavit supporting his claimed costs and containing the requisite certification by March 26, 2014.  If the affidavit meets the requisite criteria, I will grant costs to Flores in the amount of $1,139 and costs to Sanchez in the amount of $1,353.70.

---

[2](...continued)
lump sum payment.  McCaslin Decl. Ex. 1, at 1.  On the other hand, defense counsel's subsequent e-mail is ambiguous:  "At no point in time did I or my client ever reach any agreement with you regarding the *amount*, timing, or method of payment . . . ."  Davis Decl. Ex. 2 (emphasis added).

## CONCLUSION

For the foregoing reasons, Flores' Petition for Attorney Fees and Costs [24] is granted in part and denied in part; Flores is entitled to $6,975 in attorney fees, and $1,139 in costs if counsel files the requisite affidavit.  Sanchez's Petition for Attorney Fees and Costs [24] is granted in part and denied in part; Sanchez is entitled to $7,125 in attorney fees, and $1,353.70 in costs if counsel files the requisite affidavit.  If plaintiffs' counsel wants a supplemental judgment, he should submit a proposed judgment.

IT IS SO ORDERED.

DATED this    20th    day of March, 2014.

　　　　　　　　　　　　　　　　　 /s/ Garr M. King
　　　　　　　　　　　　　　　　Garr M. King
　　　　　　　　　　　　　　　　United States District Judge